Filed 10/23/13  P. v. Stevenson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C070950 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F5254) |
| v. | |
| TONY ROEY STEVENSON, | |
| Defendant and Appellant. | |

A jury found defendant Tony Roey Stevenson guilty of insurance fraud (Pen. Code, § 550, subd. (b)(1)), unlawful conduct (making a false insurance claim) (Ins. Code, § 1871.4, subd. (a)(1)), and grand theft (Pen. Code, § 487, subd. (a)).  Imposition of sentence was suspended for five years and defendant was placed on probation for five years on the condition, among others, that he serve 180 days' incarceration.  He was ordered to make restitution to the victim in the amount of $19,438.17 plus a 15 percent administration fee and to pay a $600 restitution fine (Pen. Code, § 1202.4); a $600 restitution fine, suspended unless probation is revoked (Pen. Code, § 1202.44); a $760

1

fine (Pen. Code, § 672), including penalty assessments; a $120 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)); a $90 court facilities assessment (Gov. Code, § 70373); a $128 booking fee (Gov. Code, § 29550.2); and a probation supervision fee of $50 per month (Pen. Code, § 1203.1b).

On appeal, defendant contends (1) the trial court erred by imposing the booking and probation fees without determining his ability to pay, and (2) alternatively, if the claim is forfeited by his trial counsel's failure to object to the fees, counsel rendered ineffective assistance.

## FACTS

The facts of defendant's offenses are not at issue and need not be set forth in this opinion.

## DISCUSSION

## I

### *Ability to Pay Fees*

Defendant contends the trial court erred by imposing the booking and probation fees without determining his ability to pay. He argues the trial court made no express finding of his ability to pay and the evidence is insufficient to support an implied finding of such ability.

The Attorney General counters that defendant forfeited his claim by failing to object at the time the fees were imposed. We agree. (*People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*).)

Penal Code section 1203.1b, subdivision (a) provides, in relevant part: "In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court . . . the probation officer . . . shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost . . . of conducting any presentence investigation and preparing any presentence report made pursuant to Section 1203 . . . .

2

The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount."

Government Code section 29550.2, subdivision (a) provides, in relevant part, that a judgment of conviction shall include an order for payment of the booking fee "[i]f the person has the ability to pay."

Generally, sentencing determinations are not reviewable on appeal absent a timely objection. (*People v. Scott* (1994) 9 Cal.4th 331, 353.) Our Supreme Court explained: "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Ibid*.)

Consistent with this general rule, claims that fines were improperly imposed are forfeited if not raised in the trial court. (E.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227 [failure to consider ability to pay Pen. Code, § 1202.4 restitution]; *People v. Crittle* (2007) 154 Cal.App.4th 368, 371 [Pen. Code, § 1202.5, subd. (a) crime prevention fine]; *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1076 [Pen. Code, § 1203.1b fee]; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469 [Gov. Code, former § 13967, subd. (a) restitution fine].)

Defendant counters that the forfeiture rule is inapplicable, citing the Sixth Appellate District case of *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1397 (*Pacheco*), which *McCullough* disapproved in the context of the booking fee. (*McCullough*, *supra*, 56 Cal.4th at p. 599.) We consider defendant's argument as it pertains to the monthly probation fees.

*Pacheco* relied in turn on *People v. Viray* (2005) 134 Cal.App.4th 1186, 1217 (*Viray*) and *People v. Lopez* (2005) 129 Cal.App.4th 1508, 1536-1537 (*Lopez*). Defendant's reliance on this trilogy is misplaced.

3

*Lopez,* the earliest case in the series, involved Penal Code section 987.8, subdivision (g)(2)(B), which provided: "Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense." *Lopez* construed the statute to "require an express finding of unusual circumstances before ordering a state prisoner to reimburse his or her attorney." (*Lopez*, *supra*, 129 Cal.App.4th at p. 1537.) *Lopez* is inapposite to this case, which involves no similar statutory provision.

*Viray*, the next case to be decided, held "an appellate forfeiture [cannot] properly be predicated on the failure of a trial attorney to challenge an order concerning *his own fees.* It seems obvious to us that when a defendant's attorney stands before the court asking for an order taking money from the client and giving it to the attorney's employer, the representation is burdened with a patent conflict of interest and cannot be relied upon to vicariously attribute counsel's omissions to the client." (*Viray*, *supra*, 134 Cal.App.4th at p. 1215.) Nothing in *Viray* suggested or implied its exception to the rule of appellate forfeiture should be extended beyond its factual context of an attorney fee order.

*Pacheco*, the last case in the trilogy, rejected the Attorney General's argument that by failing to object in the trial court, the defendant had forfeited his objection to an attorney fee order. *Pacheco* explained, "We have already held that such claims do not require assertion in the court below to be preserved on appeal. [Citations to *Viray* and *Lopez.*] Respondent offers nothing to convince us otherwise." (*Pacheco*, *supra*, 187 Cal.App.4th at p. 1397.)

In this case, defendant does not claim his trial counsel was burdened with a conflict of interest analogous to the one that underlay *Viray* and *Pacheco*. Thus, his reliance on those cases is misplaced. Defendant has forfeited his challenge to the orders for payment of the booking fee and probation supervision fees.

## II

### *Ineffective Assistance of Counsel*

Anticipating our finding of forfeiture, defendant contends his trial counsel's failure to challenge the orders for payment of the booking and probation supervision fees constitutes ineffective assistance. We are not convinced.

" ' "[I]n order to demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was 'deficient' because his 'representation fell below an objective standard of reasonableness . . . under prevailing professional norms.' [Citation.] Second, he must also show prejudice flowing from counsel's performance or lack thereof. [Citation.] Prejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citations.]" [Citation.]' [Citation.]" (*People v. Avena* (1996) 13 Cal.4th 394, 418.)

" ' "[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.] A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding. [Citations.]" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 (*Mendoza Tello*).)

In this case, defendant's trial counsel was not asked to explain why he did not challenge the booking and probation fees. Defendant counters that, although the record is silent, this is a case in which there " ' "simply could be no satisfactory explanation." ' " (*Mendoza Tello*, *supra*, 15 Cal.4th at p. 266; see *People v. Weaver* (2001) 26 Cal.4th 876, 955.) We disagree.

The probation report states that defendant, age 52, served in the United States Army from 1979 until his honorable discharge in 1982. Defendant reported "a long work

history primarily in the field of security." His most recent employment, with ESI Security for two years, was his longest with a single employer. He left the company in 2010 because the employer had limited his work hours.

In his probation interview, defendant claimed to have been unemployed for the past two years and to have been "sofa-surfing between his parent's home and homes of his friends for the last eight to nine months." He reported a current monthly pension in the amount of $259 from the Veterans Administration and claimed that, of that amount, $251 is returned to the Veterans Administration to cover past medical bills, leaving him $8 in disposable cash. He claimed to have expenses of $160 per month and stated he was seeking Social Security Disability benefits.

The probation report states that defendant is "an amiable, fairly intelligent, middle aged man, who appears less than honest and accepts no responsibility for his choices. His stories and theories change the longer one converses with him, so it is difficult to track an absolute and final response to any given question." The report notes that defendant "has the resources and support available through his family and the Veteran's Administration to assist in stabilizing his life yet he chooses to sofa-surf like an adolescent."

The probation report demonstrates that there *could be* a satisfactory explanation for trial counsel's failure to object to the booking and probation supervision fees. (*Mendoza Tello*, *supra*, 15 Cal.4th at p. 266.) The probation officer assessed that defendant "appears less than honest." Trial counsel could have reached the same conclusion. Defendant's claim that he spends $160 per month while having just $8 per month in disposable cash supports an inference that his portrayal of his financial circumstances is less than honest. His undisclosed resort to "resources and support available through his family" could account at least in part for the seemingly excessive spending. Trial counsel could have discovered that defendant's ability to pay the disputed fines is not as limited as he has portrayed it, and that an objection on the ground

6

of inability to pay would have been futile.  The matter is best addressed in habeas corpus proceedings.

**DISPOSITION**

The judgment is affirmed.


                                        _____RAYE_____, P. J.



We concur:



_____HULL_____, J.



_____MAURO_____, J.