Filed 3/6/14  P. v. Perez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062876 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE320784) |
| TAMMI MILES PEREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Reversed in part, affirmed in part, and remanded with directions.

Michael P. Goldstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood, Meagan J. Beale, and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

Tammi Miles Perez pleaded guilty to petty theft with three prior convictions in violation of Penal Code[1] sections 484 and 666, subdivision (a). The court imposed various fees and fines, and sentenced Perez to a four-year split sentence, with two years of local custody and two years of mandatory supervision. Perez appeals, contending: (1) the criminal justice administration fee was unauthorized; (2) the administrative screening fee exceeded the applicable maximum and the court abused its discretion by imposing the fee without considering her ability to pay; (3) the court abused its discretion by imposing the theft fine without considering her ability to pay; (4) the court abused its discretion in setting the amount of the restitution fine without adequately considering her ability to pay; and (5) the court abused its discretion in imposing alcohol-related conditions of mandatory supervision.

FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2012, a loss prevention security guard at a Wal-Mart store in El Cajon observed Perez enter the store. The security guard watched her conceal various items in her purse as she walked through the store, and then leave the store without attempting to pay for the concealed merchandise. After she was outside, the security guard detained her. Police officers arrived, cited Perez, then released her. All of the stolen merchandise, valued at $187.84, was recovered.

Perez was charged with petty theft in violation of section 484 and petty theft with a prior theft-related conviction in violation of section 666. (§§ 484, 666.) On August 6,

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2012, she pleaded guilty to petty theft with three prior convictions and admitted she had served one prior prison term.

On September 4, 2012, the court sentenced Perez in accordance with her plea agreement. The court ordered her to pay the following fees and fines: (1) a $154 criminal justice administration fee (Gov. Code, § 29550.1); (2) a $25 administrative screening fee (§ 1463.7[2]); (3) a $38 theft fine (§ 1202.5); (4) a $960 restitution fine (§ 1202.4, subd. (b)); (5) a $40 court security fee (§ 1465.8); and (6) a $30 Immediate Critical Needs Account fee (Gov. Code, § 70373). The court sentenced Perez to a term of four years, with two years of local confinement and two years of mandatory supervision. (Pen. Code, § 1170, subd. (h)(5)(B).) The terms of mandatory supervision included alcohol-related conditions.

At the sentencing hearing, Perez requested that some of the fines imposed be converted into volunteer work. She also objected to the alcohol-related conditions of mandatory supervision. The court considered the requests but imposed the fees, fines, and alcohol conditions as recommended by the probation department.

## DISCUSSION

### I

*Booking Fee*

Perez contends the court erred by imposing the $154 criminal justice administration fee, also known as a booking fee, under Government Code section

---

[2]    The citation to section 1463.7 was presumably to section 1463.07, and for the purposes of this opinion, we treat it as such.

29550.1 because she was cited and released, not arrested, and the fee was therefore unauthorized. The People agree the court erred by imposing a fee under Government Code section 29550.1, and contend the judgment should be modified to reflect the appropriate fee under Government Code section 29550, subdivision (f), imposed on convicted individuals who are cited and released.

Government Code sections 29550 and 29550.1 govern the imposition of booking fees. (Gov. Code, §§ 29550, 29550.1.) Government Code section 29550.1 authorizes the imposition of a criminal justice administration fee if a person is arrested and then convicted of a criminal offense related to the arrest. (Gov. Code, § 29550.1.) Section 29550, subdivision (f), imposes a mandatory $10 citation processing fee for "each person cited and released by any peace officer in the field or at a jail facility upon conviction of any criminal offense . . . related to the criminal offense cited in the notice to appear." (Gov. Code, § 29550, subd. (f).)

In general, "only those claims properly raised and preserved by the parties are reviewable on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) There is a narrow exception to the waiver rule for unauthorized sentences that "could not lawfully be imposed under any circumstance in the particular case." (*Ibid.*) "A claim that a sentence is unauthorized . . . may be raised for the first time on appeal, and is subject to judicial correction whenever the error comes to the attention of the reviewing court." (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6 (*Dotson*).) Further, "obvious legal errors at sentencing that are correctable without referring to factual findings in the record

4

or remanding for further findings are not waivable." (*People v. Smith* (2001) 24 Cal.4th 849, 852 (*Smith*).)

The court ordered Perez to pay a booking fee of $154 under Government Code section 29550.1 and she did not object to imposition of that fee. However, Government Code section 29550.1 applies only to individuals who are arrested, and Perez was not arrested. (Gov. Code, § 29550.1.) Therefore, the booking fee was unauthorized because it could not lawfully be imposed in this case and is correctable without referring to factual findings, so it can be raised for the first time on appeal. (*Scott,* 9 Cal.4th at p. 354; *Smith, supra,* 24 Cal.4th at p. 852; *Dotson, supra,* 16 Cal.4th at p. 554, fn. 6.) Government Code section 29550.1 does not apply to Perez and the $154 criminal justice administration fee was improper.

The People correctly point out that the appropriate booking fee in Perez's case is set forth in Government Code section 29550, subdivision (f), which imposes a mandatory $10 processing fee on conviction of a person cited and released but not arrested. (Gov. Code, § 29550, subd. (f).) We conclude the abstract of judgment should be amended to provide the proper $10 booking fee under Government Code section 29550, subdivision (f), and the $154 criminal justice administration fee under Government Code section 29550.1 should be stricken.

## II

### *Administrative Screening Fee*

Perez contends the court erred by imposing the $25 administrative screening fee because it exceeded the applicable fee allowed under section 1463.07. She further

5

contends the court abused its discretion when it imposed the fee because it did not consider her ability to pay. The People agree the court incorrectly imposed the $25 administrative screening fee, and argue the correct fee under section 1463.07 is $10. The People further argue that Perez's abuse of discretion claim is forfeited because she did not properly raise the issue of her ability to pay in the trial court.

Section 1463.07 governs the imposition of administrative screening fees. (§ 1463.07.) It imposes a $25 mandatory fee on each person arrested on conviction of a criminal offense related to the arrest, and a $10 mandatory fee on each person cited and released by a police officer on conviction of a criminal offense related to the crime for which the person was cited. (*Ibid.*) The statute permits consideration of ability to pay, stating "the court may determine a lesser fee than otherwise provided in this subdivision upon a showing that the defendant is unable to pay the full amount." (*Ibid.*)

A. <u>The Amount of the Administrative Screening Fee</u>

The court imposed a $25 administrative screening fee on Perez. Perez did not object to the fee during the sentencing hearing. However, we review the imposition of the $25 administrative screening fee because it was unauthorized and failure to raise the issue does not forfeit the claim on appeal. (*Scott, supra,* 9 Cal.4th at p. 354; *Dotson, supra,* 16 Cal.4th at 554, fn. 6.)

Perez was cited and released by police officers after she was caught shoplifting. Accordingly, the appropriate fee under section 1463.07 is $10 because Perez was cited and released. (§ 1463.07.) The imposition of the $25 fee applicable to persons arrested was improper because Perez was not arrested. (*Ibid.*) We conclude the abstract of

6

judgment should be amended to provide the appropriate $10 administrative screening fee for persons cited and released under section 1463.07.[3]

B. <u>Ability to Pay Determination</u>

The court imposed the full administrative screening fee under section 1463.07, which gives the court discretion to impose a lesser fee where there is a showing that the defendant is unable to pay the full amount. (§ 1463.07.) Perez contends the court did not exercise its discretion because it did not consider her financial circumstances when it imposed the fee. The People argue Perez forfeited her claim because she did not specifically object to the fee at the sentencing hearing.

The administrative screening fee under section 1463.07 is mandatory, but the court's consideration of a defendant's ability to pay the fee is discretionary. (§ 1463.07.) Discretionary sentencing choices, including those requiring the trial court to consider the defendant's ability to pay a fine, are not reviewable on appeal if the party did not raise the objection in the trial court. (*Smith, supra,* 24 Cal.4th at p. 853; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468 (*Gibson*).) To preserve a challenge to a fee or fine based on ability to pay, a defendant must object in the trial court; failure to raise the issue waives the right to contest it on appeal. (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371; *Gibson,* at pp. 1468-1469.)

At the sentencing hearing, Perez made a general request that some of the fines imposed be converted into volunteer work, but did not specifically object to the

_____

3    The abstract of judgment should also be corrected to reflect the applicable section, 1463.07, not 1463.7.

administrative screening fee. Her general request was insufficient to preserve the issue. We conclude Perez waived her right to challenge the court's discretionary sentencing decision to impose the fee in full without considering her ability to pay.

III

*Theft Fine*

Perez contends the court abused its discretion by not considering her ability to pay before imposing the $38 theft fine under section 1202.5.[4] She contends the court should have lowered the fine because of her financial situation. The People argue Perez forfeited her claim because she did not object to the imposition of the theft fine at the sentencing hearing.

Section 1202.5 imposes a mandatory theft fine for individuals convicted of various theft offenses, including petty theft. (§ 1202.5, subd. (a).) The statute provides for an inquiry into a defendant's ability to pay, stating: "[i]f the court determines that the defendant has the ability to pay all or part of the fine, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability." (*Ibid.*)

An issue requiring consideration of a defendant's ability to pay a fine cannot be raised for the first time on appeal. (*Gibson, supra,* 27 Cal.App.4th at p. 1468.) A trial

---

4     The minutes include the theft fine imposed under section 1202.5, but the abstract of judgment does not reflect the fine. The abstract of judgment should be corrected to reflect this fine.

court's failure to make a finding as to a defendant's ability to pay a theft fine does not require reversal if the defendant did not raise the issue in the trial court. (*People v. Crittle, supra,* 154 Cal.App.4th at p. 371.)

The court imposed a $38 theft fine on Perez. At the sentencing hearing, Perez did not specifically object to the imposition of theft fine, but she did ask if some of the fines could be converted into volunteer work. She contends this general request was sufficient to preserve the issue of the ability to pay the theft fine on appeal. We conclude Perez's general request was insufficient to preserve the issue for review on appeal and Perez waived her right to challenge the amount of the theft fine imposed by the court.

IV

*Restitution Fine*

Perez contends the court abused its discretion by imposing a $960 restitution fine without giving adequate consideration of her ability to pay.[5] The People argue the court acted within its discretion by setting the amount of the restitution fine within the statutory range.

Section 1202.4 governs the imposition of restitution fines. (§ 1202.4.) Where a person is convicted of a crime, a court must impose a restitution fine "unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).) "A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay

---

[5] Perez's request for judicial notice of the San Diego County inmate worker pay in detention facilities is denied.

9

may be considered only in increasing the amount of the restitution fine in excess of the minimum fine . . . ." (§ 1202.4, subd. (c).) The statute also dictates that the amount of the fine will be set at the court's discretion and commensurate with the seriousness of the offense, but within the range of $240 to $10,000 for a person convicted of a felony. (§ 1202.4, subd. (b)(1).) If the court sets the amount of the fine in excess of the minimum fine, "the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay . . . ." (§ 1202.4, subd. (d).) "Consideration of a defendant's inability to pay may include his or her future earning capacity. A defendant shall bear the burden of demonstrating his or her inability to pay." (*Ibid.*)

A defendant must object to a restitution fine at the sentencing hearing to preserve the issue on appeal. (*People v. Gamache* (2010) 48 Cal.4th 347, 409.) A defendant cannot "assert for the first time on appeal a procedural defect in imposition of a restitution fine, i.e., the trial court's alleged failure to consider defendant's ability to pay the fine." (*Gibson, supra,* 27 Cal.App.4th at p. 1468.) A "defendant's failure to object in the trial court to the imposition of a restitution fine constitutes a waiver of the right to complain thereof on appeal." (*Gibson,* at p. 1469.)

Perez forfeited her objection to the restitution fine by not asserting it at the sentencing hearing. (*People v. Gamache, supra,* 48 Cal.4th at p. 409; *Gibson, supra,* 48 Cal.App.4th at p. 1469.) Although Perez made a general request that the court convert some of her fines into volunteer work, this request was not sufficiently specific to preserve the issue of the calculation of the restitution fine on appeal. Additionally, the court did not abuse its discretion in imposing the fine because it was within the statutory

10

limit and Perez did not show her inability to pay. (§ 1202.4, subds. (b)(1) & (d).) The record establishes that Perez is capable of being a productive member of society: she has maintained employment in her recent past and obtained her GED and other certificates while in prison. We conclude the court acted within its discretion in imposing the $960 restitution fine and Perez waived her right to challenge the amount of the restitution fine on appeal.

At the sentencing hearing the court ordered the defendant "to pay the fines and fees set forth on page 12" of the probation report. Page 12 included the condition that "the defendant pay an additional restitution fine pursuant to . . . [section] 1202.45 in the amount of $960 to be stayed and remain so unless defendant's parole is revoked." Defendant and the People at oral argument both agreed that this requirement is unauthorized in this case involving mandatory supervision. We therefore strike imposition of that restitution fine. However, the abstract of judgment does not include that fine and no further action is required of the trial court in connection with the fine.

V

*Alcohol-Related Terms of Mandatory Supervision*

Perez contends the court abused its discretion by imposing the following alcohol-related conditions of mandatory supervision: do not knowingly use or possess alcohol if directed not to by the probation officer; attend self-help meetings if directed by the probation officer; submit to any blood, breath or urine tests whenever requested by the probation officer, law enforcement officer, or court-ordered treatment program; do not be in places, except in the course of employment, where alcohol is the main item for sale;

11

and participate in and bear all costs of a continuous alcohol monitoring device if so directed by the probation officer. The People argue the trial court acted within its discretion by imposing alcohol-related conditions of mandatory supervision because the conditions are reasonably related to preventing future criminality.

Section 1170 gives a court discretion to "suspend execution of a concluding portion of the term selected in the court's discretion, during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation . . . ." (§ 1170, subd. (h)(5)(B)(i).) The sentencing court has broad discretion to decide whether probation is suitable and under what conditions to "foster rehabilitation and to protect public safety." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) However, the determination may not be arbitrary or exceed the bounds of reason, considering the surrounding circumstances. (*Id.* at p. 1121.) A probation condition is invalid if it " ' "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." ' " (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (quoting *People v. Lent* (1975) 15 Cal.3d 481, 486.) All three prongs must be met for a reviewing court to invalidate a probation condition. (*Olguin,* at p. 379.)

The alcohol-related conditions restrict conduct that is not criminal, and Perez's current crime was not alcohol-related. However, the record supports the conclusion the conditions are reasonably related to preventing future criminality. The probation report shows that Perez has numerous convictions for petty theft and other offenses starting in

12

1988 and continuing to the present offence in 2012. Her offenses include being under the influence of controlled substances and driving under the influence, and she has been judicially determined to suffer from drug addiction. She told the probation officer that she used LSD and PCP as a teenager, she smoked methamphetamine but stopped several years ago; she used heroin and cocaine intravenously until 2008; she "was taking methadone and had been clean for 3 1/2 years"; and she is on a waiting list to enter a drug program offered at the jail. Specifically for alcohol, she told the probation officer that she had "issues with alcohol consumption" from 1999 until 2004 when she stopped drinking. Further, she stated she suffers from bipolar and other mental disorders for which she takes psychotropic medications, although at the time of the current offense she was not taking her medications "as instructed or in a consistent [manner]."

The record reflects that Perez has faced serious substance abuse issues for many years, including alcohol abuse, and she has repeatedly demonstrated a lack of ability to refrain from committing petty theft and other offenses. Although she claims she has not consumed alcohol since 2004 and may currently be free of illegal drug usage, the court could reasonably assess that her past history of serious addiction, her mental disorder, and her ongoing criminality warrants imposition of the alcohol-related conditions. Because Perez is at risk for substance abuse, and alcohol use can decrease impulse control and result in criminality, the court did not abuse its discretion by conditioning her release on prohibitions and monitoring related to alcohol.

DISPOSITION

The $154 criminal justice administration fee imposed under Government Code section 29550.1 is stricken and replaced with a $10 fee under Government Code section 29550, subdivision (f). The $25 administrative screening fee imposed under section 1463.07 is stricken and replaced by a $10 fee. In all other respects, the judgment is affirmed. The trial court is directed to amend the abstract of judgment to set forth the provisions of this opinion and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


McDONALD, J.

WE CONCUR:


HALLER, Acting P. J.


IRION, J.

14