[No. C053906. Third Dist. Aug. 21, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
EMANUEAL DUANE CRITTLE, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication except for the "Facts" and parts I, II, and V.

COUNSEL

Randy S. Kravis, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Jane N. Kirkland and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SCOTLAND, P. J.—A jury convicted defendant Emanueal Duane Crittle of carjacking and robbery, and found he personally used a firearm in committing his crimes. Sentenced to an aggregate term of 13 years in state prison, he appeals.

In the published portions of this opinion, we conclude that (1) a $20 court security fee (Pen. Code, § 1465.8) must be imposed based on a conviction for which punishment has been stayed pursuant to Penal Code section 654, and (2) a $10 crime prevention fine (Pen. Code, § 1202.5, subd. (a)) can be

imposed only once in a case, rather than for each conviction in a case. Defendant's other contentions are addressed in the unpublished parts of the opinion. We shall modify the judgment and affirm as modified.

## FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III

■ Penal Code section 1465.8, subdivision (a)(1) provides for the imposition of a $20 court security fee "on every conviction for a criminal offense." (Further section references are to the Penal Code unless otherwise specified.)

Because defendant was convicted of two offenses, the trial court imposed $40 in court security fees. However, pursuant to section 654, the court stayed the punishment for the robbery conviction. According to defendant, the stay precluded the court from imposing a $20 court security fee for that conviction. We disagree.

■ Section 654, which prohibits multiple punishment for the same act or course of conduct and generally bars the use of a conviction for "any punitive purpose" if the sentence on that conviction is stayed (*People v. Pearson* (1986) 42 Cal.3d 351, 361 [228 Cal.Rptr. 509, 721 P.2d 595]), does not apply to a court security fee because that fee is not punishment. (*People v. Wallace* (2004) 120 Cal.App.4th 867, 874–878 [16 Cal.Rptr.3d 152] [the court security fee is part of an extensive statutory scheme applicable to both criminal and specified civil cases, has the nonpunitive objective of funding and coordinating court security, and is not so punitive in effect as to negate the Legislature's intention that the fee constitutes a civil disability].)

*See footnote, *ante*, page 368.

Accordingly, even though the trial court stayed the punishment for defendant's robbery conviction, it was required to impose a $20 court security fee based upon that conviction. (See *People v. Schoeb* (2005) 132 Cal.App.4th 861, 865 [33 Cal.Rptr.3d 889] [§ 1465.8 "unambiguously requires a fee to be imposed for each of defendant's convictions. Under this statute, a court security fee attaches to 'every conviction for a criminal offense' "].)

## IV

The trial court imposed two $10 crime prevention fines based on section 1202.5, subdivision (a), which states: "In any case in which a defendant is convicted of any of the offenses enumerated in Section 211 . . . , the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed."

Since defendant did not raise the issue in the trial court, we reject his contention that the fines must be reversed because the court did not make a finding of defendant's ability to pay them, and nothing in the record shows he had the ability to pay. (See *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468–1469 [33 Cal.Rptr.2d 217].)

Nevertheless, we agree with defendant that one of the fines was unauthorized because the crime prevention fine can be imposed only once "[i]n any case." (§ 1202.5, subd. (a).) Although defendant was accused and convicted of committing multiple offenses, this was still a single case. (See § 954.) Thus, only one $10 fee could be imposed. (Cf. § 1465.8, subd. (a)(1) [requiring a court security fee for "every conviction for a criminal offense"]; Health & Saf. Code, § 11372.7, subd. (a)(2) [requiring a drug program fee "for each separate offense"].)

Because the second fine was unauthorized, defendant's failure to object does not forfeit the claim on appeal. (*People v. Smith* (2001) 24 Cal.4th 849, 852 [102 Cal.Rptr.2d 731, 14 P.3d 942].)

## V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 368.

■■■■■■■■■■

## DISPOSITION

The judgment is modified by striking one of the $10 crime prevention fines (§ 1202.5, subd. (a)) and awarding 272 days of custody credit for a total of 312 days of presentence credit. As modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment accordingly and to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

Sims, J., and Cantil-Sakauye, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 14, 2007, S156522.