Filed 3/27/13  P. v. Merklin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C070465 |
| Plaintiff and Respondent, | (Super. Ct. No. CM033692) |
| v. | |
| TIMOTHY ISAIAH MERKLIN, | |
| Defendant and Appellant. | |

Defendant Timothy Isaiah Merklin pleaded no contest to infliction of corporal injury on a spouse (Pen. Code, § 273.5, subd. (a))[1] and admitted he inflicted great bodily injury (§ 12022.7, subd. (e)).  In exchange for his plea, the People moved to dismiss a misdemeanor charge of false imprisonment.  (§ 236.)

The trial court sentenced defendant to state prison for a term of seven years, in accordance with the plea agreement.  It ordered defendant to pay various fines, fees, and penalty assessments, including $736 for the presentence investigation probation report and $286 for the supplemental report, for a total of $1022.  Defendant appeals.

---

[1] Further undesignated statutory references are to the Penal Code.

1

Defendant contends: (1) the order to pay $1022 for the probation reports must be stricken, and (2) the abstract of judgment must be corrected to reflect the presentence credits awarded by the court. As we explain, defendant's first contention is forfeited and his second is moot. Accordingly, we shall affirm.

**DISCUSSION[2]**

I

*Order to Pay Cost of Reports*

The trial court ordered defendant to pay a total of $1022 pursuant to section 1203.1b.[3] Defendant did not object to the order to pay at the time of sentencing. Defendant now contends that the trial court erred in imposing these fees because it failed to make a finding as to defendant's ability to pay and no evidence in the record supported such finding in any event. The People respond that defendant has forfeited this claim by his failure to object to the order in the trial court. We agree.

In *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468 (*Gibson*), we held that a defendant forfeited the issue of his ability to pay a restitution fine when he failed to raise any objection on this basis at the time the fine was imposed. In *People v. Crittle* (2007) 154 Cal.App.4th 368, 371 (*Crittle*), we followed *Gibson* and further concluded that the defendant also forfeited his contention that "nothing in the record show[ed] he had the

---

[2] We need not detail the underlying facts of the conviction to address defendant's claims.

[3] Section 1203.1b, subdivision (a), provides in relevant part: "In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court . . . the probation officer . . . shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost . . . of conducting any presentence investigation and preparing any presentence report made pursuant to Section 1203 . . . . The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount."

2

ability to pay," a sufficiency of the evidence claim. (*Crittle, supra*, 154 Cal.App.4th at p. 371.)

Defendant relies on *People v. Pacheco* (2010) 187 Cal.App.4th 1392 (*Pacheco*), in which a different appellate district held that the issue of ability to pay with regard to an order for payment of attorney fees could be raised for the first time on appeal if "based on the insufficiency of the evidence to support the order or judgment." (*Pacheco, supra,* 187 Cal.App.4th at p. 1397.)

As we noted in *Gibson*: "The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law. [Citations.]" (*Gibson, supra,* 27 Cal.App.4th at p. 1468.) We continue to be persuaded by our reasoning in *Gibson*. We see no reason to depart from our previous holdings and follow *Pacheco*. Accordingly, we conclude defendant has forfeited his claim of error.**4**

II

*Credits*

Defendant next contends the abstract of judgment must be corrected to reflect the trial court's oral award of credits. The People agree.

On September 17, 2012, the trial court filed an amended abstract of judgment reflecting the correction sought by defendant. The filing of the amended abstract moots defendant's claim of error as to credits. No further analysis or order is required.

---

**4** We acknowledge that our Supreme Court has granted review in a case raising the same issue. (*People v. McCullough* (2011) 193 Cal.App.4th 864, review granted June 29, 2011, S192513) Until our high court provides further guidance, we adhere to our holding in *Gibson*.

## DISPOSITION

The judgment is affirmed.

                                                  DUARTE                , J.

We concur:

                  RAYE                   , P. J.

                  NICHOLSON             , J.