Filed 7/22/14  P. v. Kelley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C074826 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF-12-1240, CRF-13-0734) |
| v. | |
| JERRY JOSEPH KELLEY, | |
| Defendant and Appellant. | |

Following the imposition of a state prison sentence, defendant Jerry Joseph Kelley appeals, contending the trial court improperly imposed a domestic violence fund fine (DV fine), which applies only to defendants granted probation.  We shall modify the judgment by striking the DV fine.

## PROCEDURAL BACKGROUND

The facts of defendant's offenses are not relevant to our disposition.

1

In case No. CRF-12-1240, defendant entered an "open plea" of no contest to one count of corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a))[1] in return for the striking of allegations of a prior spousal abuse conviction and two prior prison terms. The plea included a purported acknowledgment that defendant would have to pay a DV fine. (§ 1203.097.)

Defendant failed to appear for sentencing. The People then filed case No. CRF-13-0734, alleging willful failure to appear (FTA) (§ 1320.5) and an on-bail enhancement (§ 12022.1).

Defendant pled no contest to FTA in case No. CRF-13-0734 and admitted the enhancement, in return for the dismissal of another, different case. The trial court advised him that he would receive a mandatory sentence of two years eight months, consecutive to the term imposed in case No. CRF-12-1240.

Defendant waived preparation of a probation report and agreed to immediate sentencing in both cases. The trial court sentenced him to an aggregate state prison term of six years eight months, consisting of four years (the upper term) in case No. CRF-12-1240, plus eight months (one-third the midterm) for FTA in case No. CRF-13-0734, and an additional two years for the on-bail enhancement. The court imposed various fines and fees, including a $500 DV fine.

## DISCUSSION

Defendant contends the trial court's imposition of the DV fine was unauthorized because section 1203.097, authorizing the fine, applies only to probationary sentences. The People agree, as do we.

Section 1203.097, subdivision (a) provides for mandatory conditions in any case where a defendant is "granted probation for a crime in which the victim is a person

---

[1] Further undesignated statutory references are to the Penal Code.

2

defined in section 6211 of the Family Code."[2]  "[T]he terms of probation shall include . . . [¶] . . . [¶]  (5)(A)  A minimum payment by the defendant of five hundred dollars ($500)."  (§ 1203.097, subd. (a)(5)(A).)

By its very language, this provision speaks only to grants of probation and the resulting conditions; it does not speak to sentences of imprisonment.  An unauthorized fine may be challenged on appeal even if not objected to at sentencing.  (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371.)  We shall strike the fine.  (*Id.* at p. 372.)

## DISPOSITION

The judgment is modified by striking the $500 DV fine.  As modified, the judgment is affirmed.  We direct the trial court to prepare an amended abstract of judgment and send a certified copy thereof to the Department of Corrections and Rehabilitation.

         DUARTE         , J.

We concur:

     NICHOLSON     , Acting P. J.

     MURRAY       , J.

---

[2]  The parties agree that the victim in case No. CRF-12-1240 fits this definition.

3