Filed 10/27/14  In re L.G. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re L.G., a Person Coming Under the Juvenile Court Law. | C075845 |
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>  v.<br><br>L.G.,<br><br>       Defendant and Appellant. | (Super. Ct. No. 70187) |

The juvenile court sustained a petition filed pursuant to Welfare and Institutions Code section 602, subdivision (a)[1] finding L.G. (the minor) unlawfully took and drove her great-grandmother's car.  (Veh. Code, § 10851, subd. (a).)  The court placed the

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

1

minor on house arrest for 60 days and committed her to 30 days of juvenile detention, suspended pending a school review. The court also imposed a $25 general fund fine pursuant to section 731, subdivision (a)(1) (section 731 fine), plus penalty assessments of $66.88 against the minor and her mother pursuant to Penal Code section 1464.

The minor appeals the dispositional order, contending the section 731 fine and associated mandatory penalty assessments must be stricken because there is insufficient evidence of ability to pay. We disagree and affirm the dispositional order.

## DISCUSSION[2]

The minor claims that since the juvenile court found she did not have the ability to pay the costs of her public defender, ipso facto there is insufficient evidence that she has the ability to pay the section 731 fine. Further, based solely on her contention that the section 731 fine must be stricken, she contends the associated mandatory penalty assessments must also be stricken. The People contend the minor's claims are forfeited.

We conclude the trial court's finding that the minor was not able to pay the cost of counsel does not preclude an implicit finding that the minor had the ability to pay the section 731 fine. Thus the minor's failure to object to the section 731 fine results in a forfeiture of that contention on appeal.

Section 731, subdivision (a)(1) provides that a court may order a minor adjudged a ward of the court pursuant to section 602 to "pay a fine up to two hundred fifty dollars ($250) for deposit in the county treasury if the court finds that the minor has the financial ability to pay the fine." Here, the probation report recommended that the minor and her guardian (which the juvenile court limited to her mother) be ordered "to pay a fine in the amount of $25.00 . . . per [section 731, subd. (a)(1)]" and also be ordered to pay "an

---

[2] We dispense with a recitation of the facts underlying the minor's crime as those facts are not important to our discussion. The relevant procedural facts are related in our discussion of the minor's contention.

additional penalty of $26.75 for every $10 in fines and penalties that are ordered, for a total of $66.88." The minor did not object.

The minor did assert at sentencing that she was unable to pay the cost of the counsel, as the probation report had recommended. The court agreed that was "obvious" and did not make the reimbursement order. The court otherwise found the probation department's recommendations appropriate and in the minor's best interest, and adopted them.

Contrary to the minor's argument on appeal, the juvenile court's determination that the minor was unable to pay the costs of counsel does not *necessarily include* the determination that she could not pay the section 731 fine and associated penalties. By adopting the probation department's recommendation that the minor pay a $25 section 731 fine and associated penalties, the juvenile court impliedly found she had an ability to pay that fine.

The minor's objection to the reimbursement of the cost of counsel without also objecting to the section 731 fine failed to provide the juvenile court with a meaningful opportunity to consider her claim and correct any error in the adequacy of the record in that regard. Thus the minor forfeited her right to object to the court's imposition of that fine on the basis that there is insufficient evidence of her ability to pay. (*People v. McCullough* (2013) 56 Cal.4th 589, 591, 594, 599; *People v. Crittle* (2007) 154 Cal.App.4th 368, 371; *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1069-1072; *People v. De Soto* (1997) 54 Cal.App.4th 1, 8-10.)

Because the minor's claim that the penalty assessments were erroneously imposed is wholly dependent on her claim that the section 731 fine was imposed in error, this related claim necessarily fails.

## DISPOSITION

The judgment (dispositional order) is affirmed

                                                       _____DUARTE_____, J.

We concur:

_____ROBIE_____, Acting P. J.

_____MURRAY_____, J.

4