Filed 7/2/15  P. v. Boulazreg CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C077765 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 14F5110, 14F2148, 14F5417) |
| v. | |
| NASSIMA GRACE BOULAZREG, | |
| Defendant and Appellant. | |

Sentenced to an eight-year prison term under a plea agreement, defendant Nassima Grace Boulazreg contends that one fine was improperly imposed.  The Attorney General agrees, and so do we.  We shall modify the judgment to strike the fine and affirm as modified.

**FACTUAL AND PROCEDURAL BACKGROUND**

In case No. 14F2148, an information filed April 24, 2014, charged defendant with second degree commercial burglary (count 1; Pen. Code, § 459),[1] receiving stolen

---

[1] Undesignated statutory references are to the Penal Code.

1

property (count 2; § 496, subd. (a)), first degree residential burglary (count 3; § 459), and possession for sale and sale of a controlled substance, Clonazepam (count 4; Health & Saf. Code, § 11375, subd. (b)(1)). As to count 3, the information alleged that a person was present within the meaning of section 667.5, subdivision (c)(21).

On July 16, 2014, defendant pleaded no contest to counts 1 and 3 in exchange for a state prison sentence of two years eight months and dismissal of counts 2 and 4. The enhancement allegation was stricken on the People's motion.

In case No. 14F5110, a complaint filed August 21, 2014, charged defendant with robbery (§ 211) and alleged her residential burglary conviction as a strike.

On August 27, 2014, defendant failed to appear for sentencing in case No. 14F2148 and arraignment in case No. 14F5110. A bench warrant was issued for her arrest.

In case No. 14F5417, a complaint filed September 9, 2014, charged defendant with second degree burglary (§ 459) and alleged that she committed the offense while released on bail (§ 12022.1).

On September 17, 2014, the parties agreed on a global disposition. In case No. 14F5110, defendant pleaded no contest to a newly alleged count 2, grand theft (person) (§ 487, subd. (c)), a charge reasonably related to count 1, and admitted an added strike allegation.[2] In case No. 14F5417, defendant pleaded no contest to second degree burglary (count 1), and admitted an added strike allegation and the on-bail enhancement. The parties stipulated that defendant's aggregate sentence would be eight years in state prison. Defendant waived referral to probation and requested immediate sentencing.

---

[2] The written plea agreement does not mention the disposition of count 1. At sentencing, the court stated that any counts on which sentence had not been imposed in any of the cases were dismissed.

2

On the same date, the trial court imposed the stipulated sentence, consisting of two years eight months in case No. 14F5110 (the lower term of 16 months on count 2, doubled for the strike); three years four months in case No. 14F5417 (eight months (one-third the middle term) on count 1, doubled for the strike, plus two years for the on-bail enhancement); and two years in case No. 14F2148 (16 months (one-third the middle term) on count 3, plus eight months (one-third the middle term) on count 1), all run consecutively. The court stated that it would "[i]mpose all standard fines [and] fees" but did not spell them out orally.

Among other fines and fees, which are not contested on appeal, the abstract of judgment shows a fine of $78 under section 1202.5 in case No. 14F2148.

Defendant stipulated that the factual basis for her pleas was found in the police reports on the cases. However, only the report as to case No. 14F2148 (as summarized in the probation report prepared for that case) is in the record. There, as to count 1, the victim reported two bicycles stolen from outside his residence; defendant later unsuccessfully tried to pawn them. As to count 3, a police officer responding to a report of suspicious persons in a store parking lot at night saw defendant and Michael Lee Rankins outside a dumpster with suitcases and baggage beside it. While they were detained, the officer went next door to the home of a person who had reported a burglary; her description of her belongings matched items defendant and Rankins had in their possession. After they were arrested, a search of defendant's person found Clonazepam, and a search of Rankins's person found some of the victim's property and a key ring bearing 50 "shaved" keys, a type of key, according to the police report, "used by persons to defeat . . . locking mechanisms." The two admitted entering the victim's home.

In case No. 14F5110, the complaint alleged that defendant took a backpack from Christina Skinner. In case No. 14F5417, the complaint alleged that defendant and Rankins burgled Larry Olsen.

3

## DISCUSSION

Defendant contends that the $78 fine under section 1202.5 in case No. 14F2148 must be reduced to $39 because only one fine per case may be imposed under that statute, and the amount shown in the abstract of judgment is an unauthorized double fine. The Attorney General agrees. So do we. We shall modify the fine to $39.

Section 1202.5, subdivision (a) provides in part: "In any case in which a defendant is convicted of any of the offenses enumerated in Section . . . 459 . . . the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed." This fine is subject to additional assessments, a surcharge, and penalties, depending in part on a defendant's ability to pay. (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1528-1532.) However, it may be imposed only once per case. (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371 (*Crittle*).) A sentence that violates this rule is unauthorized; therefore, a defendant's failure to object does not forfeit the issue on appeal. (*Ibid.*)

Here, the sentencing minute order shows that in case No. 14F2148, defendant was ordered to pay "the crime prevention fine of $39.00, for *each count*, as follows: $10.00 pursuant to Section 1202.5 of the Penal Code, $10.00 pursuant to Section 1464 of the Penal Code, $1.00 pursuant to Section 76104.6 of the Government Code, $4.00 pursuant to Section 76104.7 of the Government Code, $5.00 pursuant to Section 70372[, subdivision] (a)(1) of the Government Code, $7.00 pursuant to Section 76000[, subdivision] (a)(1) of the Government Code, [and] $2.00 pursuant to Section 1465.7 of the Penal Code." The total fine of $78 in this case under section 1202.5, as shown in the abstract of judgment, corresponds to the minute order's calculation.

We agree with the parties that one-half of this total fine was unauthorized because the fine could not properly be imposed as to each burglary count in case No. 14F2148, but only as to one count. We shall modify the judgment accordingly. (*Crittle*, *supra*, 154 Cal.App.4th at pp. 371-372.)

4

## DISPOSITION

The judgment is modified by striking one of the two fines imposed under section 1202.5 in case No. 14F2148 and reducing the total amount of the fine to $39.  As modified, the judgment is affirmed.  The trial court is directed to amend the sentencing minute order and the abstract of judgment accordingly, and to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


                                             RAYE            , P. J.


We concur:


      ROBIE            , J.


      DUARTE           , J.

5