Filed 1/22/16  P. v. Montgomery CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C077753, C078819 |
| v. | (Super. Ct. No. 13F08366) |
| JOHNLYNN S. MONTGOMERY, | |
| Defendant and Appellant. | |

A jury convicted defendant Johnlynn S. Montgomery[1] of commercial burglary and

---

[1] Defendant's first name is spelled differently in each record for the cases presented in this consolidated appeal.  We adopt the spelling in case No. C077753 for consistency.

the trial court sentenced him to seven years in prison. The trial court also denied defendant's subsequent petition for resentencing under the provisions of Proposition 47. (Pen. Code, § 1170.18). Defendant filed two appeals, one from the judgment and one from the order denying his petition for resentencing, which we consolidated.

In case No. C078819, appointed counsel asks us to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the order denying his petition for resentencing.

Regarding case No. C077753, defendant contends the trial court erred in ordering him to pay a crime prevention fine, main jail booking fee and main jail classification fee without determining his ability to pay. Agreeing with defendant's contention, we will vacate the crime prevention fine, main jail booking fee and main jail classification fee and remand the matter to the trial court to determine defendant's ability to pay.

## BACKGROUND

A jury found defendant guilty of commercial burglary. (Pen. Code, § 459.)[2] The trial court found true the allegations that defendant had a prior strike conviction and served a prior prison term, and sentenced defendant to an aggregate term of seven years in state prison. Defendant appealed the judgment, initiating appellate case No. C077753.

Defendant subsequently filed a petition for resentencing pursuant to section 1170.18. The trial court denied the petition due to ineligibility based on defendant's current conviction. Defendant appealed the denial of his petition for resentencing, initiating appellate case No. C078819.

---

[2] Undesignated statutory references are to the Penal Code.

Defendant's appeals were consolidated by this court. Defendant's appointed counsel filed a single Appellant's Opening Brief addressing both cases, and we address each case in turn.

A

Regarding case No. C078819, appointed counsel asked this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record in case No. C078819, we find no arguable error that would result in a disposition more favorable to defendant.

B

Regarding case No. C077753, defendant contends the trial court erred in ordering him to pay a crime prevention fine, main jail booking fee and main jail classification fee without determining his ability to pay.

At sentencing, the trial court ordered defendant to pay various fines and fees, including a $10 crime prevention fine pursuant to section 1202.5, a $382.22 main jail booking fee pursuant to Government Code section 29550.2, and a $61.75 main jail classification fee. Although defendant argues on appeal that the trial court erred in failing to identify the statutory basis for the main jail classification fee, we presume the fee was imposed pursuant to Government Code section 29550.2.

The following colloquy then took place between defense counsel and the trial court:

"[DEFENSE COUNSEL]: One last thing for the Court to -- just to make sure for the fines that were imposed here, are those mandatory fines? Because as for [defendant], he has an inability to pay based on being appointed counsel, so --

3

"THE COURT:  Regarding appointed counsel, he is to be evaluated for his ability to pay.  I presume that he is indigent based on what I am seeing in his record.  But in terms of the other fees, they are required to be imposed.

"[DEFENSE COUNSEL]:  So just for the record, we are staying anything that's not mandatory?

"THE COURT:  Yes."

The crime prevention fine, main jail booking fee and main jail classification fee were included in the abstract of judgment.

Before a trial court may impose the crime prevention fine, main jail booking fee or main jail classification fee, the trial court must determine that the defendant has the ability to pay.  (Pen. Code, § 1202.5; Gov. Code, § 29550.2.)  Defendant's factual inability to pay is forfeited if not raised in the trial court.  (*People v. McCullough* (2013) 56 Cal.4th 589, 598-599 [Gov. Code, § 29550.2]; *People v. Crittle* (2007) 154 Cal.App.4th 368, 371 [Pen. Code, § 1202.5].)

Here, defendant did not forfeit the issue because when the trial court imposed the crime prevention fine, main jail booking fee and main jail classification fee, defense counsel asserted defendant's inability to pay.  It appears from the record, however, that the trial court misunderstood defense counsel's argument.  The trial court presumed defendant was indigent but focused on the fees of appointed counsel, saying defendant would be evaluated for his ability to pay those fees.  Because the trial court imposed the crime prevention fine, main jail booking fee and main jail classification fee without a finding that defendant had the ability to pay them, we will vacate the crime prevention fine, main jail booking fee and main jail classification fee and remand the matter to the trial court for a determination of defendant's ability to pay.

DISPOSITION

The order requiring defendant to pay a $10 crime prevention fine (§ 1202.5), $382.22 main jail booking fee (Gov. Code, § 29550.2), and $61.75 main jail

4

classification fee (Gov. Code, § 29550.2) is vacated and the matter is remanded to the trial court to determine defendant's ability to pay.  In all other respects, the judgment is affirmed.

/S/
Mauro, J.

We concur:


/S/
Robie, Acting P. J.


/S/
Murray, J.