Filed 10/13/20  P. v. Martin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>TAZZAHAY QUAZZETT MARTIN,<br><br>      Defendant and Appellant. | C087957<br><br>(Super. Ct. Nos.<br>16FE020288 & 17FE011228) |

After the juvenile court transferred defendant Tazzahay Quazzett Martin's case from juvenile court to criminal court, a jury found him guilty of attempted robbery and burglary.  The trial court subsequently sentenced him to serve four years in state prison.  On appeal, defendant argues the trial court should have held a second transfer hearing after trial, to determine whether he should be sentenced as an adult or a juvenile.  Defendant also argues the court erred in imposing fines and fees without an ability to pay hearing.  We reject defendant's arguments and affirm the judgment.

1

BACKGROUND

Defendant was 17 years old when he committed the offenses. Initially, the People filed a Welfare and Institutions Code section 602 wardship petition, alleging defendant committed an attempted robbery.[1] The People further alleged defendant personally used a firearm during the commission of his crime.

The People petitioned the juvenile court to transfer defendant's case to criminal court pursuant to section 707, subdivision (a)(1). The probation department (department) evaluated defendant based on the factors listed in section 707, subdivision (a)(3)(A) through (E). The department recommended defendant be transferred to criminal court based on the criminal sophistication of his crime (§ 707, subd. (a)(3)(A)) and the gravity of the offense (§ 707, subd. (a)(3)(E)). The department also found defendant had the ability to grow and mature (§ 707, subd. (a)(3)(B)) and had no prior record (§ 707, subd. (a)(3)(C) & (D)). The department found these criteria weighed in favor of leaving defendant in the juvenile justice system.

The juvenile court granted the People's motion.[2] In reaching its decision, the juvenile court considered the People's transfer petition, defendant's opposition, the report and recommendation from the department, "other relevant evidence," and arguments of counsel. In its minute order, the juvenile court indicated it considered all five factors listed in section 707 in reaching its decision: (1) defendant's degree of criminal sophistication; (2) whether defendant can be rehabilitated prior to the expiration of the juvenile court's jurisdiction; (3) defendant's previous delinquent history; (4) the results of previous attempts by the court to rehabilitate defendant; and (5) the circumstances and

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

[2]     This order is not appealable but can be challenged by petition for an extraordinary writ. (Cal. Rules of Court, rule 5.770(g).) Defendant did not challenge the order.

gravity of the offense. The juvenile court dismissed the wardship petition and filed a felony complaint, identified as Sacramento Superior Court case No. 16FE020288.

On April 17, 2018, the People filed a second amended consolidated information, charging defendant with attempted robbery, burglary, and discharging a firearm with gross negligence. The People further alleged defendant personally used a firearm during the commission of the attempted robbery and burglary, was 17 years old at the time he committed the offense, and that a person other than an accomplice was present in the residence during the commission of the burglary. Defendant pleaded not guilty and denied the enhancement allegations.

A jury found defendant guilty of attempted robbery and burglary; they found him not guilty of discharging a firearm. The jury also found true the allegation of another person present during the burglary but found the firearm allegations not true.

The trial court sentenced defendant to serve an aggregate term of four years in state prison. The court awarded defendant 330 days of presentence custody credit and ordered him to pay the following fines and fees: a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $300 parole revocation fine (stayed) (Pen. Code, § 1202.45), an $80 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), a $60 court facilities assessment (Gov. Code, § 70373), a $10 crime prevention fee (Pen. Code, § 1202.5), a $402.38 main jail booking fee and a $99.19 main jail classification fee (Gov. Code, § 29550.2), and direct victim restitution totaling $1,700 (Pen. Code, § 1202.4, subd. (f)).

## DISCUSSION

### I
### *A Second Transfer Hearing After Trial*

Defendant does not dispute that he received a full and fair transfer hearing pursuant to section 707 prior to being transferred from juvenile court to criminal court. Instead, defendant contends he was entitled to a second transfer hearing after trial, in

3

order to allow the criminal court to consider whether he should be sentenced as an adult or a juvenile.

In support of his contention, defendant argues the juvenile court transferred him to criminal court *because* the People alleged a firearm-use allegation. The jury subsequently found that allegation not true. Defendant asserts the juvenile court likely would not have transferred him to criminal court without that allegation. He argues due process and equal protection entitle him to a second transfer hearing posttrial, one without the firearm-use allegation. Defendant acknowledges there is no authority for what he is asking. He nevertheless is asking us to add this second transfer hearing to section 707. We decline his invitation.

In construing a statute, a court must ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*People v. Coronado* (1995) 12 Cal.4th 145, 151.) To determine legislative intent, we first examine the words of the statute. If there is no ambiguity in the statutory language, we presume the Legislature meant what it said and the plain meaning of the language controls. (*Ibid.*) When the statute is clear, we are bound by its language. (*Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268.) The language of section 707 unequivocally provides for a single motion to transfer a juvenile to a court of criminal jurisdiction. (§ 707, subd. (a).) That motion is to be made before jeopardy attaches. (*Ibid.*) Defendant is now asking us to add a second transfer hearing to be held after trial (i.e., after jeopardy has attached) to determine whether the convicted defendant should be sentenced as a juvenile offender and his convictions deemed juvenile adjudications. It is a "cardinal rule that courts may not add provisions to a statute." (*Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 827.) We will not violate this rule by rewriting section 707 to add a second transfer hearing.[3]

---

[3] Defendant refers to the second transfer hearing after trial as a "reverse transfer hearing." This reference is incorrect and not supported by the law review articles cited in

Moreover, contrary to defendant's claim, there is no evidence in the record that the juvenile court transferred him to criminal court *because* of the firearm-use allegation. The court considered all of the section 707 factors. The department recommended defendant be transferred to criminal court both because of the gravity of his offense and the criminal sophistication it demonstrated. The department did not limit its recommendation to the firearm-use allegation or the facts giving rise to the allegation.

In sum, defendant's argument is not supported by the law or the record on appeal.

## II
### *Fines and Fees*

Defendant challenges the trial court's imposition of all the fines and fees imposed at sentencing. Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant argues imposition of fines and fees without an ability to pay hearing is unconstitutional. The fines and fees imposed here were imposed with a finding of ability to pay and thus they should be vacated. We disagree.

## A.
### *Direct Victim Restitution*

Relying on the holding in *Dueñas,* defendant challenges the trial court's order that he pay direct victim restitution. "Based on the significant differences in purpose and effect between victim restitution and the moneys at issue in *Dueñas,*" the holding in

---

his opening brief. What is actually referred to as a "reverse waiver" hearing in those articles is quite different than the hearing defendant proposes here. The reverse waiver hearing discussed in the law review articles occurs after a prosecutor has filed charges against a juvenile in criminal court. The reverse waiver hearing is intended to correct prosecutorial overreaching and is a defendant's *first* opportunity to have a judge consider whether he or she should be tried in juvenile or criminal court. The reverse waiver hearing is not, as defendant asserts, a second, posttrial hearing to correct judicial error that arises when allegations are later found not true. Notably the articles predate Proposition 57 (as approved by voters, Gen. Elec. (Nov. 8, 2016)), which created the transfer hearing conducted in the juvenile court here.

5

*Dueñas* does not extend to direct victim restitution.  (*People v. Evans* (2019) 39 Cal.App.5th 771, 777.)

**B.**
*Booking Fee/Jail Classification Fee*

Defendant also challenges imposition of the crime prevention fee (Pen. Code, § 1202.5) and main jail classification fee (Gov. Code, § 29550.2).  The statutes authorizing these fees require the court to consider a defendant's ability to pay.  Defendant's failure to object in the trial court forfeits his challenge on appeal.  (*People v. McCullough* (2013) 56 Cal.4th 589, 598-599, [Gov. Code, § 29550.2]; *People v. Crittle* (2007) 154 Cal.App.4th 368, 371 [Pen. Code, § 1202.5].)

**C.**
*Due Process*

As to the remaining fines and fees imposed by the trial court, defendant relies on *Dueñas* to argue the court violated his constitutional right to due process by imposing them without first determining his ability to pay.  We agree with the line of cases that conclude *Dueñas* was wrongly decided.  (See *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946 (*Hicks*); *People v. Kingston* (2019) 41 Cal.App.5th 272, 279-281; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1068-1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 927.)

The decision in *Dueñas* is premised on authority involving a due process right of access to the courts, and a bar against incarceration for an involuntary failure to pay fees or fines.  (*Hicks*, *supra*, 40 Cal.App.5th at p. 325, rev. granted.)  A postconviction imposition of fees and fines, however, does not interfere in any respect with the right of access to either the trial or appellate court.  (*Id*. at p. 326.)  The postconviction imposition of fees and fines also does not result in any additional incarceration, and therefore a liberty interest that due process would protect is not present.  (*Ibid*.)  Since the stated

6

bases for the conclusion in *Dueñas* do not support it, the question is whether due process generally otherwise compels the same result. (*Hicks,* at p. 327.)

The People have a fundamental interest in punishing criminal conduct, as to which indigency is not a defense (otherwise, defendants with financial means would suffer discrimination). It would also be contrary to the rehabilitative purpose of probation if a court were precluded at the outset from imposing the payment of fees and fines as part of educating a defendant on obligations owed to society. (*Hicks*, *supra*, 40 Cal.App.5th at pp. 327-328, rev. granted.) "For the reasons set forth above, we conclude that due process does not [generally] speak to this issue and that *Dueñas* was wrong to conclude otherwise." (*Id*. at p. 329; see also *People v. Kingston*, *supra*, 41 Cal.App.5th at p. 279.)

## D.
### *Equal Protection*

Defendant contends the imposition of fines and fees without consideration of ability to pay violates equal protection. In *In re Antazo* (1970) 3 Cal.3d. 100, the Supreme Court held an indigent defendant could not be imprisoned for failure to pay a fine. Otherwise a violation of equal protection would occur based on wealth. (*Id*. at pp. 103-104.) The Supreme Court noted imposing a fine and penalty assessment on an indigent defendant did not by itself constitute a violation of equal protection. (*Id*. at p. 116.) Here, defendant was not incarcerated because of his alleged poverty. He was incarcerated because he was found guilty of attempted robbery and burglary. To the extent defendant relies on *Dueñas* to support his equal protection claim, we disagree with *Dueñas* and agree with *Hicks* in its entirety.

## E.
### *Eighth Amendment*

Finally, defendant contends imposition of fines and fees without consideration of ability to pay violates the Eighth Amendment's prohibition against excessive fines. He has failed to make a developed argument on this point that is distinct from his due

7

process argument. We decline to address this undeveloped claim. (See *Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984-985; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.)

DISPOSITION

The judgment is affirmed.


                                            /s/
                                            HOCH, J.


We concur:


/s/
HULL, Acting P. J.


/s/
KRAUSE, J.