Filed 4/13/21  P. v. Jones CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KATRISA LEE JONES,<br><br>Defendant and Appellant. | C091521<br><br>(Super. Ct. No. F1900244) |

Appointed counsel for defendant Katrisa Lee Jones has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We find no arguable error in defendant's favor, but have identified sentencing errors that require correction.  The convictions are affirmed and the matter is remanded for resentencing.

## I.  BACKGROUND

A local resident found identification for defendant on the side of the road and turned it over to Plumas County Sheriff's Deputy Juan Cervantes.  Cervantes was

1

familiar with defendant from prior contacts. He ran a status check of the license and learned she had a valid Oregon driver's license, but not a valid California driver's license.

The next day, Cervantes saw defendant driving and pulled her over for driving without a valid license. She was involuntarily grinding her teeth, speaking rapidly, and had animated, restless movement. Based on his training and experience, he suspected she was on methamphetamine. He conducted field sobriety tests and determined she was under the influence of a stimulant. He arrested her and conducted an inventory search of her car. In the car, under the driver's seat, he found a bag with three baggies of methamphetamine, a glass pipe, straw, and small blue pill. The baggies contained 1.18 grams, 4.35 grams, and 25.46 grams of methamphetamine. The larger amount was more consistent with sales than personal use. The total of 31.13 grams was equal to approximately 622 doses of the typical .05 gram dosage. One gram of methamphetamine is worth approximately $100. Cervantes also found a digital scale on the floor of the backseat. Based on the amount of methamphetamine, officers obtained a search warrant for defendant's home. Detective Chris Hendrickson searched defendant's room and found several unused, empty baggies. They did not find any other indicia of sales in her room. Hendrickson opined the amount of methamphetamine and the way it was packaged alone were sufficient to indicate the possession was for sales.

A jury found defendant guilty as charged of transportation for sale of a controlled substance (Health & Saf. Code, § 11379, subd. (a)) and possession of a controlled substance for sale (Health & Saf. Code, § 11378). The trial court sentenced her to the upper term of four years on the transportation conviction and stayed the sentence on the possession conviction. The trial court awarded defendant 130 days presentence custody credit. The trial court ordered defendant to pay a $300 restitution fine (Pen. Code,

§ 1202.4, subd. (b)),[1] a $40 court operations assessment (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $50 criminal lab fee, plus additional penalty assessments, for a total fee of $205 (Health & Saf. Code, § 11372.5).

## II.  DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Our review of the record pursuant to *Wende* has disclosed no arguable errors in defendant's favor.  But we note several errors that require correction.  (*People v. Morales* (2014) 224 Cal.App.4th 1587, 1594, 1600.)

When a court determines that a conviction is subject to section 654, it must impose a sentence and then stay the execution of that sentence, the stay to become permanent upon defendant's service of the portion of the sentence not stayed.  (*People v. Duff* (2010) 50 Cal.4th 787, 796; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469 (*Alford*).)  It is improper to simply stay the imposition of sentence.  (*Duff, supra*, at pp. 795-796; *Alford, supra*, at p. 1468.)  Here, the trial court did not impose a sentence on the possession count, but "stayed" it under section 654.  Thus, "although defendant was validly convicted of that count, no sentence at all was imposed for it.  This results in an unauthorized absence of sentence."  (*Alford, supra*, at p. 1472.)

In *Alford*, this court concluded that the "futility and expense" of remand militated against sending the case back to the trial court for resentencing where this court could

_____

[1] Undesignated statutory references are to the Penal Code.

determine the sentence that the trial court, in the exercise of its discretion, "undoubtedly" would have imposed. (*Alford, supra*, 180 Cal.App.4th at p. 1473.) Here, it is not clear how the trial court would have sentenced defendant on this count. Accordingly, we will remand the matter to allow the trial court to impose sentence on defendant for her conviction on the possession count, then stay execution of that sentence under section 654.

In addition, while the court imposed a $300 restitution fine pursuant to section 1202.4, subdivision (b), it did not impose an identical parole revocation restitution fine, which section 1202.45 requires. The trial court also failed to impose for *each* of defendant's convictions a mandatory court operations assessment of $40 (§ 1465.8) and a mandatory criminal conviction assessment of $30 (Gov. Code, § 70373). These are mandatory fees and the failure to impose them constitutes an unlawful sentence that may be modified at any time. (See *People v. Smith* (2001) 24 Cal.4th 849, 853.) These assessments do not constitute punishment and thus also apply to the conviction stayed under section 654. (*People v. Alford* (2007) 42 Cal.4th 749, 757 [§ 1465.8]; *People v. Fleury* (2010) 182 Cal.App.4th 1486, 1492-1494 [Gov. Code, § 70373]; *People v. Crittle* (2007) 154 Cal.App.4th 368, 370-371.) We will modify the judgment to impose the parole revocation restitution fine, suspended unless parole is revoked, and the mandatory assessments.

4

## III.  DISPOSITION

The convictions are affirmed.  The matter is remanded to the trial court to impose sentence on the possession count.  The trial court is also directed to impose a $300 parole revocation fine, suspended unless parole is revoked, and a $40 court operations fee and a $30 criminal conviction fee on the second count of conviction.

/S/

RENNER, J.

We concur:

/S/

BLEASE, Acting P. J.

/S/

DUARTE, J.

5