Filed 3/10/22  P. v. Roe CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081794, F081796, F081797, F081799 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. MCR059535, MCR059598, MCR060156, MCR060947A) |
| TYLER ROE, | |
| Defendant and Appellant. | **OPINION** |

### THE COURT[*]

APPEAL from judgments of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jennifer Oleksa, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]  Before Levy, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Tyler Roe was convicted of 14 offenses in four cases.[1]  As part of defendant's sentence, the trial court imposed fines and fees.  It then stayed the sentence on one of defendant's convictions pursuant to Penal Code section 654,[2] but it did not stay the fines and fees imposed as to that count.  On appeal, he contends that the trial court erred (1) in failing to stay the fines and fees related to the conviction for which the sentence was stayed, and (2) in imposing section 1464 state penalties more than once per case.  The People agree with defendant as to the first issue, but disagree as to the second issue.  We vacate the sentence and remand for resentencing with direction to stay the fines and fees imposed as to the stayed count and strike the portion of the section 1464 penalties imposed based upon the fines and fees that must be stayed.

## PROCEDURAL SUMMARY

On June 1, 2018, the Madera County District Attorney filed a complaint in case No. MCR059535 (Court of Appeal Case No. F081794) charging defendant with burglary (§ 459; count 1), reckless evading a peace officer (Veh. Code, § 2800.2, subd. (a); count 2), unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a); count 3), and two misdemeanor counts of receiving stolen property (§ 496, subd. (a); counts 4 & 5).

On June 14, 2018, the Madera County District Attorney filed a complaint in case No. MCR059598 (Court of Appeal Case No. F081796) charging defendant with burglary (§ 459; count 1), unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a); count 2), receiving a stolen vehicle (§ 496d, subd. (a); count 3), identity theft (§ 530.5; count 4),

---

[1]    Defendant's arguments on appeal relate only to Madera County Superior Court case Nos. MCR059535 (Court of Appeal Case No. F081794) and MCR059598 (Court of Appeal Case No. F081796).  We therefore omit detailed discussion of the other two cases for which defendant has filed notices of appeal but has presented no argument—Madera County Superior Court case Nos. MCR060156 (Court of Appeal Case No. F081797) and MCR060947A (Court of Appeal Case No. F081799).

[2]    All further statutory references are to the Penal Code unless otherwise stated.

and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 5).

On October 3, 2018, defendant pled guilty to all counts in case Nos. MCR059535 and MCR059598.[3]  In exchange for his plea, the trial court indicated it would grant defendant a five-year term of probation and a transfer to felony drug court.  On the same date, the trial court imposed the indicated sentence.

On April 5, 2019, defendant admitted a violation of probation in case Nos. MCR059535 and MCR059598.[4]

On July 29, 2020, defendant was sentenced to an aggregate term of six years in prison in case Nos. MCR059535 and MCR059598 as follows:  in case No. MCR059598, on count 1, two years (the lower term); on count 2, eight months (one-third the middle term) consecutive to the sentence on count 1; on count 3, eight months (one-third the middle term) stayed pursuant to section 654;[5] and on count 4, eight months (one-third the middle term) consecutive to the sentence on count 1; in case No. MCR059535, on count 1, one year four months (one-third the middle term) consecutive to the sentence on count 1 of case No. MCR059598; on count 2, eight months (one-third the middle term) consecutive to the sentence on count 1 of case No. MCR059598; and on count 3,

---

**3**     On the same date, defendant also pled guilty to all counts in Madera County Superior Court case No. MCR060156 (F081797).

**4**     Defendant also admitted a violation of probation in case No. MCR060156 and pled guilty to a violation of Health and Safety Code section 11378 in case No. MCR060947A.

**5**     Because the maximum punishments for unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)) and receiving a stolen vehicle (§ 496d, subd. (a)) are the same, we need not remand the matter for the trial court to exercise the discretion recently granted pursuant to Assembly Bill No. 518 (2021–2022 Reg. Sess.) to punish defendant under either section, rather than under the section providing for the greater punishment.  (Stats. 2021, ch. 441, § 1.)

eight months (one-third the middle term) consecutive to count 1 of case No. MCR059598.[6]

The trial court also imposed fines and fees as part of the sentences. In both case Nos. MCR059535 and MCR059598, the trial court imposed $300 restitution fines pursuant to section 1202.4, subdivision (b), imposed the previously suspended $300 probation revocation restitution fines pursuant to section 1202.44, imposed and suspended $300 parole revocation restitution fines pursuant to section 1202.45, and imposed $40 fines pursuant to section 1202.5.

In case No. MCR059535, the court imposed a $4,338 fine pursuant to Vehicle Code section 2800.2, subdivision (a), inclusive of a $1,000 base fine, $1,700 in state and local penalty assessments pursuant to section 1464 and Government Code section 76000, a $200 criminal surcharge pursuant to section 1465.7, a $500 court facility assessment pursuant to Government Code section 70372, subdivision (a), $200 in court operations assessments ($40 per count of conviction) pursuant to section 1465.8, subdivision (a), a $500 DNA penalty assessment pursuant to Government Code sections 76104.6 and 76104.7, a $200 emergency medical services penalty pursuant to Government Code section 76000.5, a $30 criminal conviction assessment pursuant to Government Code section 70373, and a $8 emergency medical air transportation fee pursuant to Government Code section 76000.10 ($4 per Veh. Code violation).

In case No. MCR059598, the court imposed a $1,174 fine pursuant to section 496d, subdivision (a), inclusive of a $200 base fine, $340 in state and local penalty assessments pursuant to section 1464 and Government Code section 76000, a $40 criminal surcharge pursuant to section 1465.7, a $100 court facility assessment pursuant to Government Code section 70372, subdivision (a), $200 in court operations

---

[6] The trial court also imposed felony sentences in Madera County Superior Court case Nos. MCR060156 and MCR060947A and misdemeanor sentences in other cases.

assessments ($40 per count of conviction) pursuant to section 1465.8, subdivision (a), a $100 DNA penalty assessment pursuant to Government Code sections 76104.6 and 76104.7, a $40 emergency medical services penalty pursuant to Government Code section 76000.5, a $150 criminal conviction assessment pursuant to Government Code section 70373, and a $4 emergency medical air transportation fee pursuant to Government Code section 76000.10. In the same case, the trial court further imposed the previously ordered $205 laboratory analysis penalty assessment pursuant to Health and Safety Code section 11372.5 and the previously ordered $410 drug program fee pursuant to Health and Safety Code section 11372.7, subdivision (a).

On September 24, 2020, defendant filed notices of appeal in both cases.

After defendant filed the notices of appeal, he requested that the trial court reduce the fines imposed. The trial court denied his requests.[7]

### FACTUAL SUMMARY[8]

#### Case No. MCR059535

On May 27, 2018, at approximately 9:00 a.m., Julius M. reported that his garage was burglarized, and his vehicle was stolen from. A suspicious Caucasian male was seen in the area. He reported that the thief had taken his garage door opener, a laptop, and a toolset, valued at approximately $2,000.

On the same date, Emma B. observed a man in a gray hooded sweatshirt and a multicolored hat take a vehicle that he did not own from in front of a residence.

---

[7]     Defendant requested that we take judicial notice of the trial court's minute orders reflecting the denial of his requests to reduce fines. The People do not object. Pursuant to defendant's request, we take judicial notice of the trial court's April 9, 2021 minute orders in this matter pursuant to Evidence Code sections 452, subdivision (d), and 459, subdivision (a).

[8]     The parties stipulated that the trial court could rely on the preplea report of the probation officer in finding a factual basis for defendant's pleas. Our summary of the facts is drawn from that report.

Again, on the same date, at approximately 10:36 a.m., Chauhan S., reported that her purse and wallet had been stolen from her vehicle by a Caucasian male wearing a gray hooded jacket and a red and gray hat.

At approximately 12:15 p.m. on the same date, Madera Police Officer Gomez observed and began pursuing the vehicle reported stolen by Emma B. He activated his overhead emergency lights and sirens. The vehicle fled, reaching speeds exceeding 100 miles per hour. The driver lost control of the vehicle, drove down an embankment, and caused the vehicle to overturn. Gomez discovered defendant was the driver of the vehicle. Defendant admitted to stealing the vehicle and Gomez found numerous stolen items in the vehicle.

**Case No. MCR059598**

On May 16, 2018, at approximately 7:50 a.m., Nancy R. noticed that her vehicle and purse were missing from her garage. She received emails from her bank notifying her of activity on her credit card. She notified the global positioning system service with which she had a subscription for her vehicle that her vehicle had been stolen. The company located the vehicle as did Fresno police officers with the career criminal auto theft team. Fresno Police Officer Phelps stopped the vehicle and ordered the driver of the vehicle, defendant, to exit the vehicle. Defendant complied and was taken into custody.

Defendant told officers that he had rented the vehicle from someone named Ryan for $100. He did not know Ryan's last name or address. He stated that the purse in the car was given to him by Ryan; he was told it belonged to Ryan's mother and he could use the cards for gasoline. He admitted using a credit card from the purse.

Defendant later admitted that he was a methamphetamine user and that he took the vehicle. When defendant was searched, officers discovered a receipt in his front pocket that was wrapped around a white crystalline substance later determined to be methamphetamine.

**DISCUSSION**

**A.  Imposition of Punitive Fines and Fees on the Stayed Count**

In case No. MCR059598, defendant was convicted of unlawfully taking (count 2) and receiving (count 3) the same vehicle.  The trial court therefore stayed the latter count pursuant to section 654.  However, the trial court imposed and did not stay fines in relation to the receiving a stolen vehicle count.  Defendant argues that the trial court should have stayed all fines and fees related to count 3 except the $40 court operations assessment (§ 1465.8) and the $30 criminal conviction assessment (Gov. Code, § 70373), which are not penalties.  The People agree, as do we.[9]

Section 654, subdivision (a) provides that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision."  When a defendant is convicted of two offenses based on the same act or omission, the sentence must be stayed as to one of those offenses.  (See § 654, subd. (a).)  When a term of confinement is stayed pursuant to section 654, all fines and fees that also constitute punishment must also be stayed.  (*People v. Sharret* (2011) 191 Cal.App.4th 859, 865 (*Sharret*); *People v. Crittle* (2007) 154 Cal.App.4th 368, 370–371 (*Crittle*).)

To determine whether a fine or fee constitutes a punishment, depends on " 'whether the Legislature intended the provision to constitute punishment and, if not, whether the provision is so punitive in nature or effect that it must be found to constitute punishment ….' " (*Sharret*, *supra*, 191 Cal.App.4th at p. 865.)

---

[9]    While defendant did not object to the imposition of the fines and fees at sentencing, the parties are in agreement, as are we, that the imposition of the punishment related to count 3 resulted in an unauthorized sentence.  An unauthorized sentence can be corrected at any time.  (*People v. Rivera* (2019) 7 Cal.5th 306, 348–349; *People v. Scott* (1994) 9 Cal.4th 331, 354–355.)

As the parties agree, the amounts imposed pursuant to sections 1464 and 1465.7 are punitive (*People v. High* (2004) 119 Cal.App.4th 1192, 1197), as are amounts imposed pursuant to Government Code sections 70372, 76000, 76000.5, 76000.10, 76104.6, and 76104.7 (*People v. Soto* (2016) 245 Cal.App.4th 1219, 1228–1229, 1240; *High*, at p. 1198). All of those amounts "are mandatory and only applicable in the context of criminal cases" and "are all correlative to the seriousness of the crime …." (*Soto*, at p. 1240.) In contrast, the amounts imposed pursuant to section 1465.8 and Government Code section 70373—the court security fee and criminal conviction assessment, respectively—are fixed amounts, designed to compensate the state for costs incurred and are therefore not punitive. (*Crittle*, *supra*, 154 Cal.App.4th at p. 370 [the court security fee is not a punishment]; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1064 ["section 1465.8 and Government Code section 70373 were not enacted with the intent to be punitive in nature …."].)

The fees imposed in relation to count 3 of case No. MCR059598, pursuant to sections 1464 and 1465.7 and Government Code sections 70372, 76000, 76000.5, 76000.10, 76104.6, and 76104.7 must be stayed.

Because we stay a portion of the sentence, because the sentence originally imposed was unauthorized, and because the trial court imposed no fines pursuant to count 2 of case no. MCR059598 (unlawful taking of a vehicle), we remand for the trial court to conduct a full resentencing and exercise its discretion to impose any fines and fees applicable pursuant to Vehicle Code section 10851, subdivision (a). On remand, we note that due to the ameliorative change in the law brought about by Assembly Bill No. 177 (2021–2022 Reg. Sess.) (Assembly Bill 177), the trial court may not impose administrative fees related to collection of section 1202.4 restitution fines. (Stats. 2021, ch. 257, §§ 19–20 [repealing and reenacting section 1202.4 without including subdivision (*l*), which previously provided for collection of administration fees for the cost of collecting restitution fines].)

### B. Section 1464 Penalty

The trial court imposed a $10 section 1464 penalty twice in case No. MCR059535 and four times in case No. MCR059598. Defendant contends that the penalties should have been applied once for each case. The People disagree, arguing that we should follow *Sharret*—where the court of appeal did not disturb the trial court's imposition of multiple section 1464 penalties in a single case. (*Sharret*, *supra*, 191 Cal.App.4th at p. 862.) We agree with the People.

Section 1464, subdivision (a) provides that "there shall be levied a state penalty in the amount of ten dollars ($10) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses … involving a violation of a section of the Vehicle Code …."

Defendant contends that subdivision (b) of the same section limits the application of penalties to once per case. He relies on the court's conclusion in *Crittle*, *supra*, 154 Cal.App.4th at p. 371, that section 1202.5 fines could only be applied once per case. The court reasoned that the language, " '[i]n any case in which a defendant is convicted of any offense enumerated in [s]ection 211 …, the court shall order the defendant to pay a fine of ten dollars ($10) ….' " However, section 1464, subdivision (b) does not have a parallel provision. It reads: "Where multiple offenses are involved, the state penalty shall be based upon the total fine or bail for each case. When a fine is suspended, in whole or in part, the state penalty shall be reduced in proportion to the suspension." (§ 1464, subd. (b).) Read in combination with subdivision (a), section 1464 requires imposition of a $10 penalty for every $10 fine, penalty, or forfeiture imposed and collected involving a Vehicle Code violation. (See *Sharret*, *supra*, 191 Cal.App.4th at p. 862.)

Here, in case No. MCR059535 the trial court imposed two penalties involving a Vehicle Code violation and in case No. MCR059598 the trial court imposed four penalties involving a Vehicle Code violation. However, because a portion of the

fines imposed in case No. MCR059598 must be stayed, the state penalty should have been "reduced in proportion to the suspension." (§ 1464, subd. (b).) The portion of the section 1464 penalties imposed based on fines that must be stayed in case No. MCR059598 must be vacated.

## DISPOSITION

Defendant's sentence is vacated, and this matter is remanded to the trial court for resentencing. The trial court is directed to stay the identified fees and fines associated with any count stayed pursuant to section 654 and to reduce any section 1464 penalties in proportion to the stay of penalties imposed due to violations of the Vehicle Code. The trial court is further directed, consistent with the changes brought about by Assembly Bill 177, to not impose administrative fees related to collection of section 1202.4 restitution fines. In all other respects, the judgments are affirmed.