Filed 4/30/26  P. v. Pineda CA4/1
### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D085673 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD304687) |
| TOMAS DAVID PINEDA, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Charles C. Ragland, Chief Assistant Attorneys General, Donald W. Ostertag and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

In this case, appellant Tomas David Pineda seeks, for the first time on appeal, to challenge the court's imposition of various fines and fees as part of his sentence based on his inability to pay. We conclude the issue has been forfeited by his failure to raise inability to pay at the sentencing hearing, and we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Pineda pleaded guilty to two misdemeanors, resisting an officer (Pen. Code, § 148, subd. (a)(1)) and possession of drug paraphernalia (Health & Saf. Code, § 11364). On one count of felony vandalism (Pen. Code, § 594, subds. (a), (b)(1)), Pineda proceeded to trial. Following testimony at trial that Pineda damaged the window of a residence by throwing heavy objects at it, a jury convicted him of vandalism.

The trial court sentenced Pineda to two years in county jail on the vandalism count and gave him credit for time served on the misdemeanor counts. The court additionally imposed the following fines and fees: a restitution fine of $600 (Pen. Code, § 1202.4, subd. (b)); restitution to the victim of $4,799.51 (Pen. Code, § 1202.4, subd. (f)); a theft fine (Pen. Code, § 1202.5) and penalty assessments of $41; a laboratory analysis fee (Health and Saf. Code, § 11372.5, subd. (a)) and penalty assessments of $205; a drug program fee (Health and Saf. Code, § 11372.7, subd. (a)) and penalty assessments of $615; a court operations assessment of $120 (Pen. Code, § 1465.8); and a conviction assessment of $90 (Gov. Code, § 70373).[1] At the

---

[1]    While it is not specified on the record how the penalty assessments were calculated, the penalties on the theft, laboratory, and drug program fines are commonly ordered sums that derive from: Penal Code section 1464, subdivision (a)(1) ($10 penalty assessment for every $10 in fines); Government Code section 76000, subdivision (a)(1) ($7 penalty assessment for every $10 in fines); Government Code section 76000.5, subdivision (a)(1)

sentencing hearing, the court orally pronounced each fine. The court noted the victim restitution order would be collected prior to the restitution fine under Penal Code section 2085.5, subdivision (i). Counsel for Pineda did not object to any of the fines and fees and submitted on the victim restitution amount matching that determined at trial.

## DISCUSSION

On appeal, Pineda contests the $300 discretionary amount of the restitution fine, $41 theft fine and penalties, $205 laboratory analysis fee and penalties, and $615 drug program fee and penalties, requesting that this court strike those amounts or remand for the limited purpose of considering his ability to pay. Specifically, Pineda argues: (1) the trial court abused its discretion by ordering a restitution fine over the minimum required, explaining "[i]t is obvious Mr. Pineda had no ability to pay additional fines and fees because he was required first to pay $4799 in direct restitution"; (2) the court erred by ordering the theft fine, laboratory analysis fee, and the drug program fee because it was unclear how the court calculated them and because of his inability to pay; and (3) the court's imposition of fines beyond the mandatory minimum were unconstitutionally excessive and violated his due process rights.

---

($2 penalty assessment for every $10 in fines); Penal Code section 1465.7, subdivision (a) (20 percent surcharge on base fine); Government Code section 70372, subdivision (a)(1) ($5 penalty assessment for every $10 in fines); Government Code section 76104.6, subdivision (a)(1) ($1 penalty assessment for every $10 in fines); and Government Code section 76104.7, subdivision (a) ($4 penalty assessment for every $10 in fines).

3

Pineda acknowledges he did not object to these fines and fees in the trial court.  The Attorney General contends Pineda forfeited his challenges to the fines and fees by failing to object, and we agree.

A. *Forfeiture*

"In general, a defendant who fails to object to the imposition of fines, fees, and assessments at sentencing forfeits the right to challenge those fines, fees, and assessments on appeal." (*People v. Greeley* (2021) 70 Cal.App.5th 609, 624 (*Greeley*), citing *People v. Aguilar* (2015) 60 Cal.4th 862 and *People v. Trujillo* (2015) 60 Cal.4th 850.)  This general rule applies when the relevant statute includes an ability to pay component, including when the defendant makes a constitutional argument.  (See e.g., *Trujillo*, at pp. 856–858; *People v. Avila* (2009) 46 Cal.4th 680, 729.)  Before imposing a restitution fine above the $300 minimum set by Penal Code section 1202.4, subdivision (b), section 1202.4, subdivision (d), requires the court to "consider any relevant factors, including . . . the defendant's inability to pay."  Still, the Supreme Court has repeatedly held that a defendant must object below to the imposition of a restitution fine above the minimum under section 1202.4 to preserve the issue for appeal.  (*Avila*, at p. 729; *People v. Nelson* (2011) 51 Cal.4th 198, 227.)  In the context of other statutory fines and fees, the Supreme Court has similarly concluded that this forfeiture rule applies to statutes that require the court to consider the defendant's ability to pay and when the challenge implicates constitutional rights.  (*Trujillo*, at pp. 855–858 [finding forfeiture under a statute entitling the defendant a hearing for the court to determine ability to pay and dictating that the defendant could waive the right to the court's determination of ability to pay only by a knowing and intelligent waiver]; *People v. McCullough* (2013) 56 Cal.4th 589, 592, 597 [finding forfeiture under a statute requiring the court to order payment of a

4

fee " '[i]f the person has the ability to pay' "].)  Courts of appeal have applied

forfeiture principles to the theft fine statute, which likewise involves the

consideration of ability to pay.[2]  (*Greeley*, 70 Cal.App.5th at p. 624; *People v.*

*Crittle* (2007) 154 Cal.App.4th 368, 371.)  "Given that the defendant is in the

best position to know whether he has the ability to pay, it is incumbent on

him to object to the fine and demonstrate why it should not be imposed."

(*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.)  Ability to pay is a

factual determination that is properly raised and determined first in the trial

court.  (*McCullough*, at p. 597.)

Based on this authority, we conclude Pineda forfeited his statutory and

constitutional challenges to the restitution fine, theft fine, laboratory analysis

fee, and drug program fee by failing to object below.  It is well established

that the defendant forfeits a claim regarding a Penal Code section 1202.4

restitution fine by failing to object based on ability to pay, and courts have

applied the same rule of forfeiture to Penal Code section 1202.5, subdivision

(a), theft fines and in other contexts.  We see no reason why these principles

should not likewise apply to Health and Safety Code sections 11372.5,

---

[2]  Penal Code section 1202.5, subdivision (a), establishing the theft fine, states:  "In any case in which a defendant is convicted of any of the offenses enumerated in Section . . . 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed. If the court determines that the defendant has the ability to pay all or part of the fine, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. . . ."

5

subdivision (a), and 11372.7, subdivision (a).[3]  Pineda had the opportunity to object to each of these fines and fees based on inability to pay when the court orally pronounced them at his sentencing hearing, but he failed to do so.

Nothing in the Supreme Court's recent decision in *Kopp*, changed its prior decisions regarding forfeiture.  In *Kopp*, the defendant asserted his inability to pay various fines at the time of sentencing, but the trial court declined to consider the issue.  (*Kopp, supra*, 19 Cal.5th at pp. 10–11.)  The Supreme Court reversed and remanded for the lower court to consider ability to pay a Penal Code section 1202.4 discretionary restitution fine and a Health and Safety Code section 11372.7, subdivision (a), fee.  (*Kopp*, at pp. 23, 30.)  While due process does not require the trial court to hold a hearing prior to imposing fines and fees, the court determined, a defendant may challenge fines and fees based on the excessive fines clause of the Eighth Amendment.  (*Id.* at pp. 22–23.)  Although the defendant in *Kopp* had not specifically raised ability to pay due to the excessiveness of the fines, the Supreme Court noted he would be permitted to pursue that claim below.  (*Id.* at p. 23.)  Here, Pineda did not raise ability to pay *on any basis* in the trial court, and, as such, has forfeited this argument altogether.

---

[3]     Health and Safety Code section 11372.7, subdivision (a), requires the court to "determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee" (*id.*, subd. (b)), while section 11372.5, subdivision (a), establishing the criminal laboratory analysis fee, does not include an ability to pay requirement.  While statutory challenges are obviously dependent on the statute's language, defendants may raise constitutional challenges whether or not the statute includes an ability to pay requirement.  (*People v. Kopp* (2025) 19 Cal.5th 1, 30 (*Kopp*).)

B. *Ineffective Assistance of Counsel*

Pineda asserts, to the extent his claims are forfeited, he received ineffective assistance of counsel because there was no explanation for his trial counsel's failure to object to the fines and fees. To establish ineffective assistance of counsel, Pineda bears the burden to establish: (1) counsel performed deficiently such that the "representation fell below an objective standard of reasonableness . . . [¶] under prevailing professional norms," and (2) the deficient performance caused prejudice, meaning that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688, 694.)

"Our Supreme Court addressed the issue of establishing ineffective assistance of counsel on a silent record in *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–268 . . . The court found it difficult to establish error or prejudice without a full record. The court suggested the defendant's remedy, if any, must be by way of a petition for habeas corpus." (*People v. Keene* (2019) 43 Cal.App.5th 861, 865.) In this case, the record is silent as to why counsel did not raise the ability to pay issue, providing us no basis to determine counsel was ineffective. Pineda's remedy, if any, is a petition for writ of habeas corpus supported by an appropriate record.

7

DISPOSITION

The judgment is affirmed.


HUFFMAN, J.*

WE CONCUR:


DO, Acting P. J.


BUCHANAN, J.

---

\*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.